ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT 16  P 12: 23

CLERK BMcCarthy
SO. DIST. OF GA

| | | |
|---|---|---|
| TREVOR TYRONE JAMES | * | |
| | * | |
| v. | * | CV 202-198 |
| | * | (Underlying CR 201-021) |
| UNITED STATES OF AMERICA | * | |

O R D E R

This matter is before the Court on Petitioner's *pro se* "Motion to Set Aside [Petitioner]'s Sentence Pursuant to [Federal Rule of Civil Procedure] 60(b)(6)." Petitioner argues: (1) "he is the victim of sentencing factor manipulation"; (2) he is entitled to a downward departure based on "sentencing entrapment"; (3) he is "actually innocent"; and (4) he received ineffective assistance of counsel. (See Mot. at 1-9.) Petitioner also argues that his Fed. R. Civ. P. 60 motion cannot be deemed a successive 28 U.S.C. § 2255 motion. (Id. at 1.)

Initially, the Court notes that, despite Petitioner's argument otherwise, the instant motion is the functional equivalent of a successive § 2255 motion filed without permission from the Court of Appeals.[1] A Rule 60 motion is

---

[1] Petitioner previously filed a motion under § 2255, which the Court denied. (See Order of September 30, 2003, *aff'd*, James v. United States, No. 03-15429 (11th Cir. Jan. 16, 2004).)

properly treated as a successive § 2255 motion when the motion brings a substantive challenge to the movant's conviction or sentence. See Gonzalez v. Crosby, 545 U.S. 524, __, 125 S. Ct. 2641, 2647-48 (2005) (explaining application of successive petition rule in cases under 28 U.S.C. § 2254); see also United States v. Terrell, 141 Fed. Appx. 849, 851 (11th Cir. 2005)(*per curiam*) (applying Gonzalez to § 2255 motion). Here, Petitioner does not actually request relief under Fed. R. Civ. P. 60, but rather attempts to use the Rule as a procedural vehicle for substantive attacks on his conviction and sentence. This is improper.

Having determined that the instant Rule 60 motion is the functional equivalent of a successive § 2255 motion, the Court must **DISMISS** the motion. Without authorization from the Court of Appeals, this Court lacks jurisdiction to consider second or successive § 2255 motions. See, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Accordingly, Petitioner's motion is **DENIED** and **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE